UNITED STATES BANKRUPTCY COURT
EASTERN DISTRIC OF NORTH CAROLINA
NEW BERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| WILLIAM EARL FONVILLE. and | ) | |
| DORIS G. FONVILLE, | ) | Case No. 11-00743-8-RDD |
| | ) | Chapter 13 |
| DEBTORS | ) | |
| | ) | |
| SSN: XXX-XX-0146 | ) | |
| SSN: XXX-XX-1282 | ) | Adversary Proceeding File No. |
| | ) | |
| Address: | ) | |
| 2230 Hillneck Road | ) | _____ |
| Emul, NC 28527 | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM EARL FONVILLE and | ) | |
| DORIS G. FONVILLE, | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITIFINANCIAL, | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

**COMPLAINT SEEKING TO "STRIP-OFF"**
**SECOND MORTGAGE**

NOW COME Plaintiffs, William Earl Fonville and Doris G. Fonville, herein by and through counsel, and complaining of the acts of Defendant, shows as follows:

**PRELIMINARY STATEMENT**

1.  This adversary proceeding seeks to "strip-off" creditor's asserted lien encumbering real estate owned by Debtors pursuant to *Nobelman v. American Home Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 28 (1993); *In re: Kidd*, 161 B.R. 769 (Bankr. E.D.N.C. 1993), in that such lien is a junior lien, and that the property is fully encumbered to the

1

full value of the collateral by a superior lien. Therefore, there is no "equity" for the Creditor's lien to attach rendering the obligation unsecured.

## JURISDICTION

2. Jurisdiction of the United States Bankruptcy Court over this matter is provided by 28 U.S.C. §1334 and 28 U.S.C. §157 as amended.

3 That this matter pertaining to Creditor's alleged security interest and validity of lien is a core proceeding.

## PARTIES

4. That Plaintiffs (hereinafter "Debtors"), are individuals residing in Emul, North Carolina.

5. That the Defendant, Citifinancial, (hereinafter "Citi") who is also the Creditor, obtained ownership of the second mortgage claim in the amount of $15,875.40 pursuant to Proof of Claim No. 2 filed on April 26, 2011.

6. That Citi is a corporation authorized to do business in the State of North Carolina and is the owner and holder of a note and deed of trust encumbering Debtors' real estate. Pursuant to Rule 7004(h)(3), Eastern has not waived its entitlement to receive service of process by certified mail and has not designated an officer with this Court to receive service of process.

## FACTUAL ALLEGATIONS

7. That Debtors filed their voluntary bankruptcy petition on February 1, 2011, seeking protection under Chapter 13 of the United States Bankruptcy Code.

8. That at the time Debtors filed their petition and at the present time of this Complaint, the value of Debtors' interest in the real estate was and is approximately $40,000.00

according to the Craven County Tax Office and as alleged in Debtors' petition herein, and more particularly described as follows:

Single-family Residence
2230 Hillneck Road
Emul, NC 28527

9. That Debtors' interest in such real estate is subject to a lien arising out of a mortgage in favor of Beneficial Mortgage Company of North Carolina, (hereinafter "Beneficial"), and the balance owing on such note and deed of trust at the time of Debtors' filing for bankruptcy protection was $60,446.16 pursuant to Proof of Claim No. 1 filed on March 4, 2011.

10. That Citi holds a junior or second mortgage encumbering such property in the amount of $16,114.00.

## CLAIM FOR RELIEF

1. That under 11 U.S.C. § 506, *Nobelman v. American Home Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 28 (1993) and *In re: Kidd*, 161 B.R. 769 (Bankr. E.D.N.C. 1993), the value of the collateral does not exceed the value of the liens superior to Beneficial's deed of trust.

2. That under applicable law, Citi's second mortgage and deed of trust as recorded in the Craven County Register of Deeds, Book Number 2364 at Page 632, is entirely unsecured and may be treated as an unsecured claim in Debtors' Chapter 13 plan.

3. That Citi's second mortgage and deed of trust as recorded in the Craven County Registry is entirely unsecured and may be treated as an unsecured claim in the Debtors' Chapter 13 plan.

    4.       That upon successful completion of Debtors' Chapter 13 plan, Debtors are entitled to have Citi's second mortgage and deed of trust cancelled, which is recorded in the Craven County Registry.

    5.       That upon successful completion of the Debtors' Chapter 13 plan, Debtors are entitled to have Citi's assignment of the note cancelled and terminated, if applicable.

**WHEREFORE**, Debtors pray this Court for the following relief:

    1.       That Citi's, second mortgage and deed of trust recorded in the Craven County Registry be deemed an unsecured claim for the purpose of Debtors' Chapter 13 case;

    2.       That this Court order Citi to cancel said deed of trust upon Debtors successful completion of his Chapter 13 plan, and granting of discharge.

    3.       For such other and further relief as this Court deems just and proper.

This the 23rd day of September, 2014.

                                              THE LEWIS LAW FIRM, P.A.
                         By:    /s/ Robert Lewis, Jr.
                                              Attorney for Debtors
                                              434 Fayetteville Street
                                              Suite #2330
                                              Raleigh, NC 27601
                                              Telephone: (919) 792-1920
                                              Facsimile: (866) 628-2621
                                              NC Bar # 35806